Opinion issued December 27, 2002











In The
Court of Appeals
For The
First District of Texas




NO. 01-99-01377-CV




CITY OF HOUSTON, Appellant

V.

AMERICAN RESOURCES, INC., Appellee




On Appeal from the 129th District Court
Harris County, Texas
Trial Court Cause No. 9628330A




O P I N I O N

          Appellee, American Resources, Inc., (“ARI”) seeks dismissal of the appeal by
appellant, the City of Houston, for want of jurisdiction, contending that the City did
not timely file its notice of appeal. Because, as discussed below, the City filed its
notice of appeal late, we dismiss this appeal for want of jurisdiction. 
          The relevant facts are not in dispute. ARI’s contract claims against the City
and the City’s contract claims against Frontier Insurance Company of N.Y.
(“Frontier”) were tried separately from the remainder of the lawsuit. On December
11, 1998 the jury returned a verdict and the trial court determined attorney’s fees at
a bench trial. On January 15, 1999 ARI filed a motion to sever the contract claims
that were tried separately from the remainder of the suit. The severance was granted
on January 25, 1999, placing these claims under cause number 96-28330A. 
          On August 17, 1999 the trial court signed a final judgment in cause number 96-28330A awarding ARI damages for breach of contract but no attorney’s fees and a
take-nothing judgment on the City’s claim against Frontier. The final judgment also
contained severance language. ARI timely requested findings of fact and conclusions
of law regarding the attorney’s fees finding and the City filed a motion for new trial. 
Thus, the notice of appeal was due on November 15, 1999, 90 days after the final
judgment was signed. See Tex. R. App. P. 26.1(a). The deadline for requesting an
extension expired on November 30, 1999, 15 days after the notice of appeal was due. 
See Tex. R. App. P. 26.3. The City did not file its notice of appeal until December 3,
1999, 18 days after the deadline and 3 days after the time allowed for requesting an
extension. ARI filed a cross-appeal within 14 days of the City’s notice of appeal.           The City contends that severance in the instant case was granted after
submission of the case to the jury, and was, therefore, void. The City further
contends that because the severance was void, the final judgment in cause number 96-28330A is interlocutory, and its appeal premature. Texas Rule of Civil Procedure 41
does not permit a trial court to sever a case after it has been submitted to the trier of
fact. See Tex. R. Civ. P. 41; see also State Dept. Of Highways & Pub. Transp. v.
Cotner, 845 S.W.2d 818, 819 (Tex. 1993). 
          Only a trial court judgment rendered without “jurisdictional power” is void. 
Mapco, Inc. v. Forrest, 795 S.W.2d 700, 702 (Tex. 1990). A trial court’s action that
is contrary to a procedural rule does not divest a court of appeals of jurisdiction, but
may be corrected through the ordinary appellate process or other direct proceedings. 
Id. An erroneous order of severance may be set aside on appeal, but until it is set
aside on appeal, the order effectively separates the controversy into two causes. 
Pierce v. Reynolds, 329 S.W.2d 76, 78 (Tex. 1959). Furthermore, a judgment that
possesses all of the attributes of finality cannot be regarded as interlocutory merely
because the trial court may have erred in ordering a severance. Accordingly, the
judgment in cause number 96-28330A, which fully adjudicates the severed causes,
is final and appealable until the severance order is vacated by proper motion to the
trial court or the court of appeals. See Id. at 78-79. 
          Because the City filed its notice of appeal late, this Court has no jurisdiction
to correct any error in severance.


 See Mapco, Inc., 795 S.W.2d at 702. Furthermore,
because the City’s notice of appeal was not timely filed, and ARI filed its notice of
appeal within the 14 days after the first filed notice of appeal, ARI’s notice of appeal
is also late. See Tex. R. App. P. 26.1(d). Accordingly, both the City’s appeal and
ARI’s appeal are dismissed for want of jurisdiction. All pending motions are denied
as moot. 
 
                                                             Elsa Alcala
                                                             Justice
Panel consists of Justices Taft, Alcala, and Price.



Do not publish. Tex. R. App. P. 47.4.